UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID SHAUN NEAL,<br>　　Plaintiff, | :<br>: |
| | : CIVIL ACTION NO. |
| v. | : 3:15-CV-1628 (VLB) |
| | : |
| TOWN OF EAST HAVEN, EAST<br>HAVEN POLICE DEPARTMENT, AND<br>EAST HAVEN BOARD OF POLICE<br>COMMISSIONERS,<br>　　Defendants. | : July 18, 2016<br>:<br>:<br>:<br>:<br>: |

### ORDER DISMISSING PLAINTIFF'S AMENDED COMPLAINT [Dkt. #28] WITH PREJUDICE

Plaintiff, David Neal, brings a one-count complaint alleging that Defendants, the Town of East Haven, the East Haven Police Department, and the East Haven Board of Police Commissioners, violated his right to procedural due process in connection with the issuance of a parking violation notice.

On June 27, 2016, the Court granted, in part, the Defendants' Motion to Dismiss the Complaint, and dismissed the Complaint without prejudice to Plaintiff's refiling an amended complaint alleging sufficient facts to support his claim.  *See* [Dkt. #26].  In its Order, the Court explained to the *pro se* Plaintiff that the Complaint "fail[ed] to identify and describe the manner in which [the defendants] violated [his] constitutional rights," failed to "plead sufficient facts to permit for the inference" that the street signs and parking notice he received failed to adequately inform of his right to contest the alleged violation such that he was denied due process, given that Plaintiff timely learned of the contestment process and attempted to

1

utilize it, and that the Complaint pled no facts demonstrating that he was deprived of a legally cognizable interest. [*Id.*].

On July 8, 2016, Plaintiff timely filed an Amended Complaint. *See* [Dkt. #28]. The first 32 paragraphs of the Amended Complaint are substantively identical to those in the original complaint. *Compare* [Dkt. #1, Compl., at ¶¶ 1-32] *with* [Dkt. #28, Am. Compl., at ¶¶ 1-32]. The Amended Complaint contains five additional paragraphs which, taken separately or together, do not adequately address the deficiencies noted by the Court in its prior Order.

Paragraph 33 merely notes the Plaintiff's general due process right to notice and an opportunity to be heard before an impartial tribunal, and offers the wholly conclusory assertion that "none of those things happened." [Dkt. #28, Am. Compl. at ¶ 33]. Paragraph 34 states that the *State* (as opposed to the municipality or any of the individual defendants or entities) did not give notice to the Plaintiff of his opportunity to present any objections and that *the State* demanded payment with no notice at all. Again, this assertion is devoid of any facts, as opposed to conclusions, and it fails to identify the Defendants who failed to give him notice and who demanded payment. [*Id.* at ¶ 34].

Paragraph 35 alleges that no hearing was ever held, and to the extent a hearing was held, no notice was provided, nor was the outcome of a hearing disclosed. [*Id.* at ¶ 35]. These allegations set forth some, but not all, of the elements of Plaintiff's claim. They do not, for instance, establish

that the Plaintiff suffered a deprivation of a property or liberty interest.  In addition, the letter Plaintiff submitted along with his recently-filed motion for a preliminary injunction appears to suggest both (i) that a hearing did take place, as the letter was signed by an individual purporting to be a "hearing officer," and (ii) that the Plaintiff has not yet suffered any deprivation, since the letter states that failure to pay the fine will result in a future judgment being entered against the Plaintiff.  [Dkt. #24-4, Ex. 4 to Pl.'s Mot. for Prelim. Inj. at 1].

The final two paragraphs of the Amended Complaint also do not cure the defects noted by this Court.  Paragraph 36 merely contends that even if a hearing did occur, it was unconstitutional because it was staffed with members of the Board of Police Commissioners, while Paragraph 37 simply reaffirms Plaintiff's belief that he was denied due process from the conduct articulated in the Complaint.  [Dkt. #28, Am. Compl., at ¶¶ 36-37].

Accordingly, the Amended Complaint fails to plead sufficient facts to support a procedural due process claim.  Given the prior opportunity to replead, the Court now dismisses the Complaint WITH PREJUDICE.  This file shall remain closed.

                                                        IT IS SO ORDERED.


                                                        _____/s/_____
                                                        Hon. Vanessa L. Bryant
                                                        United States District Judge

Dated at Hartford, Connecticut: July 18, 2016